UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

LOUIS LYNCH,               )

)

          Petitioner,       )     Case No. 1:05-cv-639

)

v.                      )     Honorable Richard Alan Enslen

)

MICHIGAN PAROLE BOARD,    )

)     **REPORT AND RECOMMENDATION**

          Respondent.     )

_____ )

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d) prior to ordering the respondent to answer. *Scott v. Collins*, 286 F.3d 923, 929-30 (6th Cir. 2002). After undertaking the review required by Rule 4, I conclude that Petitioner's claims pertaining to the

revocation of his parole are barred by the one-year statute of limitations, and his claims pertaining to the denial of parole are legally frivolous.

## Discussion

I.      Factual Allegations

Petitioner currently is incarcerated in the Deerfield Correctional Facility.   After a jury trial, Petitioner was convicted of assault with intent to commit sexual penetration, MICH. COMP. LAWS  § 750.520G1. On February 9, 1996, the Wayne County Recorder's Court sentenced Petitioner as an habitual offender to five to twenty years imprisonment.   Petitioner was granted parole on July 22, 2000.   On November 25, 2000, Petitioner was arrested for driving while intoxicated.  He was charged with four counts of violating his parole.  Petitioner waived his right to a preliminary hearing, and a formal hearing was conducted on January 22, 2001.  According to the hearing report, Petitioner was found guilty of three of the charges. On March 5, 2001, Petitioner's parole was revoked.   Subsequently, Petitioner was considered for parole four times. Parole was denied on each occasion, the latest denial occurring on July 20, 2005.

Petitioner claims that the parole of an African-American sex-offender is intentionally and arbitrarily revoked upon technical rule violations, while prisoners of other races or who have committed other offenses are treated more favorably.   This, he contends, violates the Equal Protection Clause and amounts to excessive punishment in violation of the Eighth Amendment.  He further claims that he was denied due process at his revocation hearing by (a) a biased hearing officer, (b) incompetent counsel, and (c) insufficient evidence to support a guilty finding.  Finally, he claims that the continuous denial of parole for African-American sex-offenders violates the Equal

Protection Clause and the Eighth Amendment where other technical rule violators are treated differently.

II.    Statute of Limitations

Petitioner's claims regarding the revocation of his parole are barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 ("AEDPA"). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[1]  Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment

---

[1]Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In this case, § 2244(d)(1)(A) provides the period of limitation. The other subsections do not apply to the grounds that Petitioner has raised. Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The revocation of parole by the Parole Board is reviewable under Michigan's Administrative Procedures Act (APA), MICH. COMP. LAWS § 24.201. *Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), citing *Penn v. Dep't of Corr.*, 100 Mich. App. 532 (1980). An appeal must be filed in the circuit court in the county from which the prisoner was committed within sixty days of the date of the parole revocation. MICH. COMP. LAWS § 791.255(2). Petitioner's parole was revoked on March 5, 2001, and he had 60 days, or until May 4, 2001, to file an appeal in the Wayne County Circuit Court. Petitioner states that he did not seek judicial review of his parole revocation. Accordingly, Petitioner had one year from May 4, 2001, to file his habeas application. Petitioner filed his habeas application on September 19, 2005. Clearly, he filed more than one year after the time for direct review expired.

The one-year limitation period applicable to § 2254 is a statute of limitations subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir.), *cert. denied*, 125 S. Ct. 200 (2004); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied "sparingly" by this Court. *See Jurado*, 337 F.3d

at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-1009.  In *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814-15 (2005), the Supreme Court held that a petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 1814 (applying standard set forth in *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case.  The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling.  *See Allen*, 366 F.3d at 403; *Brown v. United States*, No. 01-1481, 2001 WL 1136000, at *3 (6th Cir. Sept. 21, 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse [late] filing.").  Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

III.  Parole Denial

Petitioner is also claiming that the denials of parole occurring after his parole had been revoked violate the Equal Protection Clause and the Eighth Amendment where prisoners other than African-American sex-offenders are granted second paroles.

The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike.  U.S. CONST., amend. XIV; *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985).  Petitioner's allegations on this

- 5 -

point are wholly conclusory. Petitioner provides no specific factual allegations to directly support his conclusion, or give rise to a reasonable inference, that African-American sex-offenders are arbitrarily denied parole because of their race and offense. "Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief." *Prince v. Straub*, 78 F. App'x 440, 442 (6th Cir. 2003); *and see Blackledge v. Allison*, 431 U.S. 63, 75 n. 7 (1977) (stating that a habeas petition must "state facts that point to a 'real possibility of constitutional error.'" (quoting Advisory Committee Notes on Rule 4, Rules Governing Habeas Corpus Cases)).

To the extent Petitioner is claiming that his continued confinement constitutes cruel and unusual punishment in violation of the Eighth Amendment, the claim is without merit. The United States Constitution does not require strict proportionality between a crime and its punishment. *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991); *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks*, 209 F.3d at 583. A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)). Furthermore, "Federal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). As Petitioner was not sentenced to death or life in prison without the possibility of parole, his sentence does not run afoul of the Eighth Amendment's ban of cruel and unusual punishment. Petitioner is not challenging his sentence. However, because his sentence does not violate the Eighth Amendment, that he must serve more than his minimum sentence likewise does not violate the Eighth Amendment.

The Court of Appeals has suggested that a habeas petitioner is entitled to notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Scott*, 286 F.3d at 930. This report and recommendation shall serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

### **Recommended Disposition**

For the foregoing reasons, I respectfully recommend that the habeas corpus petition be denied because the claims pertaining to parole revocation are barred by the one-year statute of limitations, and the claims pertaining to the denial of parole are legally frivolous.

Dated: ___October 26, 2005_____        ___/s/ Ellen S. Carmody_____
                                              Ellen S. Carmody
                                              U.S. Magistrate Judge

### **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).